IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SBJ HOLDINGS 1, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. |
| | § | |
| NETFLIX, INC., AMAZON.COM, INC., | § | 2:07-CV-00120 (TJW) |
| BARNESANDNOBLE.COM, LLC, and | § | |
| BORDERS GROUP, INC., | § | |
| | § | |
| Defendants. | § | |

**EXHIBIT B TO JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER: SBJ HOLDINGS 1, LLC'S ARGUMENTS IN SUPPORT OF ITS PROPOSED PROSECUTION BAR AND DOCUMENT DESTRUCTION PLAN**

By way of this motion, Plaintiff SBJ Holdings 1, LLC ("SBJ") respectfully requests that the Court enter its proposed version of Protective Order in the above-referenced case.

**I.
INTRODUCTION**

The parties have agreed to all provisions of the Protective Order except for the scope of the Prosecution Bar set forth in paragraph 17, and the document destruction provision set forth in paragraph 44. (For the Court's convenience, the two competing versions are set forth below). The parties' disagreement emanates from Defendants' demand for an extremely broad and unduly burdensome prosecution bar that would prevent SBJ's outside attorneys and experts from working on *any* patent applications relating to *anything* in e-commerce for approximately the next four years. Such a prosecution bar is unsupported by the law, and Defendants can show no need for such extreme restrictions.

Moreover, Defendants have proposed language requiring that SBJ pay for the destruction or return, whichever Defendants demand, of Defendants' documents at the end of the instant

case. This is contrary to the law which holds that, in general, litigation costs are to be borne by the party who incurs the costs.

## II.
## PLAINTIFF AND DEFENDANTS' PROPOSED PROSECUTION BARS

The prosecution bar provisions proposed by the parties follow with disputed language highlighted:

### SBJ's Proposed Prosecution Bar

17.     Any person who receives and reviews any materials designated as "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR" under this Protective Order shall be subject to a "prosecution bar" and shall not participate in the preparation or prosecution of any patent or patent application for SBJ Holdings 1, LLC from the time of receipt of such materials through and including two (2) years following entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action. Individuals subject to the PROSECUTION BAR additionally shall not be involved in the preparation or prosecution of any patent or patent application in the same patent family as the patents-in-suit (i.e., any patent or patent application related to a patent-in-suit through a claim of priority) through and including two (2) years following entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action. In the event that this case is remanded after entry of judgment by the U.S. district court and additional discovery takes place, then the parties agree that this provision will apply with respect to any newly produced documents, testimony, information and other things designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY - PROSECUTION BAR." For purposes of this Protective Order, "prosecute" or "prosecution" shall mean the selection or identification of subject matter for patent claims to submit to the U.S. Patent and Trademark Office or any foreign patent office, and/or the preparation or drafting of any such claims.

        a.      *The Prosecution Bar does not apply to Defendant-initiated, or non-party initiated reexamination or reissue proceedings relating to any patent or patent application.*
        b.      *If material designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY - PROSECUTION BAR" is shown to SBJ or any person acting on SBJ's behalf by Defendants or any person acting on Defendants' behalf, the Prosecution Bar described herein shall be waived with respect to that material.*

**Defendants' Proposed Prosecution Bar**

17.     Any person who receives and reviews any materials designated as "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR" under this Protective Order shall be subject to a "prosecution bar" and shall not participate in the preparation or prosecution of any patent or patent application *(including, without limitation, any patent reissue or reexamination proceeding)* for SBJ Holdings 1, LLC *and its predecessor in interest, Vignette Corporation, and shall not participate in the preparation or prosecution of any patent or patent application in the field of: 1) systems to place an order for, or to rent, an item via the web; 2) systems for recommending items to rent or purchase employing collaborative filtering or automated merchandising technologies; 3) product information retrieval, and 4) distributed web service-oriented architectures or use any information derived from documents so designated for any purpose related to prosecution of patents* from the time of receipt of such materials through and including two (2) years following entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action. Individuals subject to the PROSECUTION BAR additionally shall not be involved in the preparation or prosecution of any patent or patent application in the same patent family as the patents-in-suit (i.e., any patent or patent application related to a patent-in-suit through a claim of priority) through and including two (2) years following entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action. *The prosecution bar is not limited to work involving parties to the present litigation.* In the event that this case is remanded after entry of judgment by the U.S. district court and additional discovery takes place, then the parties agree that this provision will apply with respect to any newly produced documents, testimony, information and other things designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY - PROSECUTION BAR." For purposes of this Protective Order, "prosecute" or "prosecution" shall mean the selection or identification of subject matter for patent claims to submit to the U.S. Patent and Trademark Office or any foreign patent office, and/or the preparation or drafting of any such claims.

### A.     Plaintiff's Proposed Prosecution Bar Fairly Balances Defendants' Confidentiality Interests With Plaintiff's Interests.

Protective Orders generally include a prohibition against the use of material produced in litigation for any purpose other than the preparation and litigation of the case.[1] The Federal Circuit presumes that attorneys will abide by such terms in protective orders and views

---

[1] Here, the parties have agreed to include language to this effect in their protective order. See Ex. A, ¶¶ 2, 4 & 12.

prosecution bars as necessary only when there is a danger of inadvertent disclosure. *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 (Fed. Cir. 1984); *see also Nazomi Communications, Inc. v. Arm Holdings, PLC*, No. C 02-02521-JF, 2002 WL 32831822, at *2-3 (N.D. Cal. Oct. 11, 2002) (finding it unwarranted to prohibit Nazomi's counsel from prosecuting patents on behalf of other clients, noting that "the leading cases in this area . . . presuppose fidelity to ethical duties and bar access only when there is a significant danger of inadvertent disclosure"). Unless opposing counsel is involved in the competitive decision making of a client, such as participating in a client's decisions regarding pricing or product design, courts have held that there is not a sufficient risk of inadvertent disclosure to warrant the imposition of a prosecution bar. *In re Sibia Neurosciences, Inc.,* 1997 WL 688174, at *3-4 (Fed. Cir. Oct. 22, 1997) (outside counsel could not be denied access to materials if they were not part of "advice and participation" in "competitive decisionmaking"). Should a court decide that a prosecution bar is warranted, courts impose "narrowly tailored" bars, the scope of which is determined by balancing the danger of inadvertent disclosure against the plaintiff's ability to prosecute its case. *See e.g., Constellation IP, LLC, v. Avis Budget Group, Inc., et al.*, 5:07-cv-00038-DF (E.D. Tex. 2007) (Docket No. 160 – ORDER granting Constellation's Motion for Protective Order (Entered: 09/24/2007) at 2-3).

     Here, Defendants are unable to point to any risk of inadvertent disclosure. SBJ's outside counsel is not involved in the competitive decision making for the company.[2] In fact, other than the representation of SBJ in the instant case, SBJ's outside counsel does no other work for SBJ. *See* Declaration of Elizabeth J. Brown Fore ("Fore Decl."), ¶ 2, Ex. 1. As a result, no

---

[2] Moreover, the parties have agreed to include a provision in the protective order stating that outside counsel of record "involved in the management or day-to-day business of" SBJ will not be authorized to review documents subject to the prosecution bar. See Ex. A, ¶ 13(b).

4

prosecution bar is necessary in this case. Despite this fact and in an attempt to compromise with Defendants on this issue, SBJ did agree to a prosecution bar that would prohibit prosecution relating to any patents for SBJ and any prosecution regarding the patent family of the patent-in-suit. Such prosecution bar is more than sufficient to protect Defendants from any risk of inadvertent disclosure. Moreover, as discussed in detail below, Defendants' proposed prosecution bar would harm SBJ's ability to prosecute its case. Thus, SBJ's proposed prosecution bar balances the needs of all parties to the case, while the breadth of Defendants' proposed prosecution bar is unjustifiable.

 1. **Defendants' version of the prosecution bar is overly broad because it prohibits prosecution for any party on any matter relating to extremely broad subject matters.**

Plaintiff's version of the prosecution bar ensures that Defendants' confidentiality interests are protected by prohibiting the ability of those who receive and review certain documents designated by Defendants from participating in patent prosecution: (1) on behalf of Plaintiff SBJ relating to any subject and (2) from participating in prosecution involving the same patent family as the patent-in-suit. Defendants' version of the prosecution bar, however, goes to the extreme by prohibiting not only prosecution relating to these two categories, but would also:

- prohibit prosecution by attorneys or experts on behalf of any entity or person, whether related or unrelated to Plaintiff, that relate to "***systems to place an order for, or to rent, an item via the web***," which, more clearly stated, is a prohibition on prosecution relating to the broad subject matter of ***ecommerce***;

- prohibit prosecution by attorneys or experts on behalf of any entity or person, whether related or unrelated to Plaintiff, that relate to "***systems for recommending items to rent or purchase employing collaborative filtering or automated merchandising technologies***,"

- prohibit prosecution by attorneys or experts on behalf of any entity or person, whether related or unrelated to Plaintiff, that relate to "***product information retrieval***,"

5

- which, by its wording, is not even related to web services but to any form of retrieval of product information;

- prohibit prosecution by attorneys or experts on behalf of any entity or person, whether related or unrelated to Plaintiff, that relates to "***distributed web-service oriented architectures***," which, more clearly stated, is a prohibition on prosecution relating to ***web services***; and

- prohibit prosecution on behalf of Vignette Corporation ("Vignette") relating to any subject matter.

Such broad prohibitions are almost punitive in nature by making it virtually impossible for SBJ's experts and attorneys to reasonably work in their chosen field during the case, and for years after the case is resolved.

        **a.**    <u>**Defendants' provision is overbroad because it seeks to prohibit prosecution for any entity on any subject relating to ecommerce, web services, "recommendation systems" and "product information retrieval."**</u>

Defendants' language barring *any* prosecution work in the fields of e-commerce, web services, "product information retrieval," and "systems for recommending items to rent or purchase" is significantly broader in scope than even the subject matter of the patent-in-suit, which relates to a method for presenting personalized or customized content to a visitor of a web site.

Defendants' proposed bar would operate an extreme hardship on SBJ because of the effect it would have on SBJ's ability to retain its chosen independent experts and attorneys. The technical experts in this case will include software specialists who will assist with the analysis of Defendants' code. Because software experts routinely work in the fields of e-commerce, web services and "product information retrieval," such experts may be unwilling to assist SBJ because of the very real concern that it will hamper their ability to take other jobs in the future.

6

In fact, one of SBJ's outside consulting experts has already declined to participate in this case until the Court decides whether Defendants' version of the prosecution bar will prevail because of her concern that should she go to work for a company in the future that has anything to do with ecommerce, she would be unable to assist with patent prosecution (a very real concern in the start-up software development world). *See* Fore Decl., ¶ 4, Ex. 1.

Similarly, outside counsel, Sprinkle IP Law Group, P.C. ("Sprinkle IP"), is entirely focused on intellectual property and is involved in both patent litigation and prosecution. *See* Fore Decl., ¶ 3, Ex. 1. Sprinkle IP attorneys on the SBJ litigation team are involved in both litigation and prosecution, but should Defendants' proposed prosecution bar become effective such attorneys would have to pick between working on this case and doing any prosecution work for approximately the next four years for any client relating to the broad categories of ecommerce, web services and "product information retrieval." Thus, Defendants' broad prosecution bar would impose a severe hardship on SBJ's ability to staff its case.

Because SBJ has volunteered to exclude its attorneys and experts from doing any patent prosecution work for SBJ, *at all*, while the case is pending and for two years after the case is resolved, Defendants' concerns about the risk of use of their documents have already been satisfied. To limit SBJ's attorneys and experts from doing any work in the field of e-commerce, is unnecessary, overbroad and amounts to relief not reasonably related to the risk at hand. In fact, it is so broad as to seem designed to punish SBJ, especially since these Defendants have agreed, in previous software cases, to protective orders with either a less-restrictive prosecution

bar, or without *any* prosecution bar.[3]  SBJ's proposal strikes an appropriate balance between the interests of Defendants in keeping their documents confidential and the interests of SBJ, its attorneys and experts in continuing to work in their chosen professions.

> **b.     Defendants' prosecution bar is overbroad because it is not limited to SBJ.**

Courts have routinely held that prosecution bars should be limited to the specific client involved in the litigation and need not relate to other parties, especially where outside counsel is not involved in competitive decision making for the other party. *Photoprotective Technologies, Inc. v. Insight Equity A.P. X, LP*, No. SA-06-CA-1122 OG (NN), 2007 WL 2461819, at *2 (W.D. Tex. Aug. 27, 2007) (denying a motion for prosecution bar despite the fact that the attorney who would be barred "prosecuted patents on behalf of the plaintiffs over an 18-year time period," because Defendants had not made the requisite showing of "involvement in client competitive decisionmaking"). In another case out of the United States District Court for the Eastern District of Texas, the Court limited the prosecution bar to only the Plaintiff in suit, stating that "[p]rosecution bars should be narrowly tailored in accordance with the facts of the

---

[3] No prosecution bar of any kind – *See Charles E. Hill & Associates, Inc. v. Amazon.Com, Inc., et al.*, 2:02-cv-00186-TJW (E.D. Tex. 2004) (Docket Nos. 150 (Joint MOTION) & 152 (PROTECTIVE ORDER) Entered: 12/01/2004); *see also Stratso v. Artisan Entertainment, Inc., et al.*, 5:05-cv-00097-DF (E.D. Tex. 2006) (Docket Nos. 21 (Joint MOTION) (Entered: 02/16/2006) & 22 (STIPULATION AND PROTECTIVE ORDER) (Entered: 02/22/2006)) (both Amazon and Netflix); *see also Digital Choice of Texas, LLC, v. Sichuan Changhong Electric Co., Ltd., et al.*, 2:05-cv-00195-TJW (E.D. Tex. 2006) (Docket No. 240) (PROTECTIVE ORDER) (Entered: 01/20/2006))(Amazon only).
Limited prosecution bar – Amazon agreed to a prosecution bar that was limited only to the parties in the case, and was limited to patents "relating to the disclosed technology." *IBM Corp. v. Amazon.com, Inc*., 6:06-cv-00452-LED (E.D. Tex. 2007) (Docket Nos. 20 (MOTION for Protective Order *Agreed*) & 21 (STIPULATED PROTECTIVE ORDER) (Entered: 02/09/2007), at ¶ 33.)

case" and finding that Defendant would not be prejudiced by the entry of Plaintiff's order limiting the prosecution bar to the Plaintiff alone.  *Constellation IP, LLC, v. Avis Budget Group, Inc., et al.*, 5:07-cv-00038-DF (E.D. Tex. 2007) (Docket #160 – ORDER granting Constellation's Motion for Protective Order. Signed by Judge Caroline Craven on 9/24/2007, (Entered: 09/24/2007),  at 4-5).  Defendants in this case will similarly not be prejudiced, have made no showing of prejudice, and are sufficiently protected by SBJ's proposed prosecution bar.

Finally, Defendants' bar would prohibit prosecution on behalf of Vignette.  Vignette is the former owner of the patent-in-suit, but other than the patent sales agreement stating that if this case is successful, Vignette will be entitled to some percentage of the proceeds, Vignette is no different than any other third party technology company with respect to this case.  There is no justification for singling Vignette out and Defendants cannot point to any risk of inadvertent disclosure relating to Vignette.  Again, Defendants' version of the prosecution bar goes too far in attempting to include non-party Vignette.

      **B.**    **SBJ Should Not Be Prohibited From Hiring Its Counsel of Choice To Defend Defendant Initiated Reexaminations**.

Defendants' prosecution bar would also prohibit SBJ's outside counsel from taking part in *any* reexamination proceedings relating to the patent-in-suit even if such proceeding is initiated by Defendants.  SBJ should not be handicapped in the *defense* of its own, already-issued, patent.  To do so would unfairly tie SBJ's hands and require it to retain an entirely new set of attorneys and experts that know nothing of the patent prosecution or the case.  Such would be an undue burden on SBJ.

The purpose of SBJ's provision excluding third-party initiated reexaminations from the prosecution bar is to prevent SBJ from having to defend itself in this piece of patent litigation in

another forum, namely the Patent Office, without the benefit of its chosen counsel. Because a patentee is unable to broaden the scope of the claims during reexamination proceedings, there is no reason why SBJ should be prohibited from using its chosen attorneys to defend itself. *See* 35 U.S.C. §314(a); 37 C.F.R. §1.552(b). Defendants have not met their burden of proving the need for such a harsh prosecution bar and cannot do so.

### C. SBJ's Prosecution Bar Would Ensure That Defendants Cannot Force People Into The Prosecution Bar Against Their Will.

Defendants' proposed prosecution bar would allow them to show their own designated documents marked "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR" to SBJ employees, attorneys and/or outside experts, thus subjecting such individuals to the overly broad prosecution bar that Defendants have proposed. The entire purpose of the agreed prosecution bar and the categories which differentiate levels of confidentiality is so that SBJ may decide which of its employees, attorneys, and experts it wishes to subject to the prosecution bar, and which it does not. It is preposterous to allow Defendant to choose who to bar from prosecution, simply by showing those individuals the very documents it wants controlled. Again, Defendants have shown no need for this *weapon*, and cannot do so.

## III.
### DOCUMENT DESTRUCTION

The document-destruction provisions proposed by the parties follow with disputed language highlighted:

### SBJ's Proposed Version

44. Within sixty (60) days after final determination of this action, all designated materials that have been served or otherwise made available during the course of this

action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be delivered to counsel for the designating party, *at designating party's expense*, or, with the written consent of such counsel, destroyed *at the expense of the designating party*. Notwithstanding the above, each outside trial counsel of the parties may retain one copy of designated materials, to maintain a complete file of the litigation. Any retained material designated as "OUTSIDE COUNSEL'S EYES ONLY" shall be retained in a sealed container in a facility under lock and key. All CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY not embodied in physical objects and documents, shall remain subject to this Order. Any Source Code produced by any party, and any authorized copies thereof, shall be returned to the producing party.

### Defendants' Proposed Version

44.     Within sixty (60) days after final determination of this action, all designated materials that have been served or otherwise made available during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be delivered to counsel for the designating party or, with the written consent of such counsel, destroyed. Notwithstanding the above, each outside trial counsel of the parties may retain one copy of designated materials, to maintain a complete file of the litigation. Any retained material designated as "OUTSIDE COUNSEL'S EYES ONLY" shall be retained in a sealed container in a facility under lock and key. All CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY not embodied in physical objects and documents, shall remain subject to this Order. Any Source Code produced by any party, and any authorized copies thereof, shall be returned to the producing party.

Defendants are attempting to dictate that SBJ pay for Defendants' chosen form of destruction of Defendants' confidential documents after the conclusion of this case. Courts regularly assess costs to be borne by the other side if the costs were incurred at the behest of, or due to the actions of, the opposing party. *See Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 289-90 (S.D.N.Y. 2003); *see also Rowe Entertainment Inc. v. The William Morris Agency, Inc.*, 205 F.R.D. 421, 431 (S.D.N.Y. 2002). And any special or unusual steps, such as the present demand for document destruction, should be the subject of cost-shifting. *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 290 (S.D.N.Y. 2003). This is especially so when, as here, the

                         benefits solely inure to Defendants and the Protective Order and ethics rules already safeguard the documents.

For example, in *Benson v. St. Joseph Regional Health Center,* No. H-04-04323, 2006 WL 1407744, at *1-3 (S.D. Tex. May 17, 2006), the Court ruled that the cost of redacting documents to protect the confidentiality of patients should be borne by the Defendants since the Defendants could reasonably produce the documents subject to a protective order. The *Benson* case is directly analogous to the present case where the benefit of the extra precaution of destruction of documents, like the extra precaution of redaction in the *Benson* case, inures solely to the benefit of Defendants. Defendants have not and cannot demonstrate that SBJ should bear the cost of *Defendants'* extra protective measures to protect *Defendants'* documents. It is unreasonable to place this burden on SBJ when Defendants are the only parties that benefits in such destruction, and such destruction is an extra precaution requested by Defendants.

## IV.
## <u>CONCLUSION</u>

For the foregoing reasons, SBJ proposes that the prosecution bar be limited only to patent applications prosecuted on behalf of SBJ and be limited to applications specifically related to the patent-in-suit. SBJ further proposes that SBJ be permitted to hire its litigation counsel of choice to represent it in any reexaminations of the patent-in-suit initiated by Defendants or non-parties, and allow an exception to the prosecution bar if the only confidential documents seen by the witness were those shown them by Defendants. Finally, SBJ proposes that Defendants bear the expense of the document destruction they request.

Respectfully submitted,

Dated: October 31, 2007          By: /s/ Eric M. Albritton
                                    Eric M. Albritton
                                    State Bar No. 00790215
                                    ALBRITTON LAW FIRM
                                    P. O. Box 2649
                                    Longview, Texas  75606
                                    (903) 757-8449
                                    (903) 758-7397 Facsimile
                                    E-mail:  ema@emafirm.com

                                    Elizabeth J. Brown Fore
                                    State Bar No. 24001795
                                    Steven Sprinkle
                                    State Bar No. 00794962
                                    John Adair
                                    State Bar No. 24026758
                                    SPRINKLE IP LAW GROUP, P.C.
                                    1301 W. 25th Street, Suite 408
                                    Austin, Texas 78705
                                    (512) 637-9220
                                    (512) 371-9088 Facsimile
                                    E-mail:  ebrownfore@sprinklelaw.com
                                    E-mail:  ssprinkle@sprinklelaw.com
                                    E-mail:  jadair@sprinklelaw.com

                                    Michael Kaeske
                                    State Bar No. 00794061
                                    Eric Manchin
                                    State Bar No. 24013094
                                    KAESKE LAW FIRM
                                    1301 W. 25th Street, Suite 406
                                    Austin, Texas 78705
                                    (512) 366-7300
                                    (512) 366-7767 Facsimile
                                    E-mail: mkaeske@kaeskelaw.com
                                    E-mail:  EManchin@kaeskelaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 31st day of October, 2007.

_____
Eric M. Albritton