IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| SBJ IP HOLDINGS 1, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| NETFLIX, INC., AMAZON.COM, INC., | § | 2:07-cv-120-CE |
| BARNESANDNOBLE.COM, LLC, and | § | |
| BORDERS GROUP, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PROTECTIVE ORDER

Discovery in this action is likely to involve production and disclosure of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. To expedite discovery, to promote prompt resolution of disputes over confidentiality of discovery materials, to protect private, commercial confidential, or other appropriate information of the parties from disclosure or unauthorized use, and to ensure that the parties are permitted reasonably necessary use of such materials during the present litigation, pursuant to Federal Rule of Civil Procedure 26(c) it is hereby ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

1.      A party or nonparty (hereinafter collectively, "designating party") may designate as confidential, in whole or in part, any document, thing, oral testimony, personal knowledge, or

information (collectively "material") that is confidential or that contains confidential information, which is to be disclosed or produced to a party or pursuant to a subpoena in this action. Material that is designated at any level of confidentiality is referred to herein as "designated material."

2.      For purposes of this Order, "CONFIDENTIAL," as applied to designated material; is material that constitutes or contains trade secrets or other confidential research, development, proprietary or commercial information, or other information that is not publicly known, whether embodied in physical objects, documents, or the factual knowledge of persons. Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter.

3.      For purposes of this Order, "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," as applied to designated material, is material that constitutes or contains proprietary financial or technical or commercially sensitive competitive information that the producing party maintains as highly confidential in its business, including information obtained from a nonparty subject to a current Nondisclosure Agreement ("NDA"), information relating to future products not yet commercially released, strategic plans or analyses, technical documents that would reveal trade secrets, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

4.      For purposes of this Order, "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR" is a subset of HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, and means information or material that relates to non-public patent applications (including without limitation patent re-examinations) and related communications, to confidential technical or design information, or to

research and development activities concerning current or future products or code, and material so designated shall be subject to the Prosecution Bar of Paragraph 17. Any material designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, including HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR, obtained by any party from any person pursuant to discovery in this litigation may be used exclusively for purposes of preparation and litigation of this matter and more specifically shall not be used for a prohibited patent prosecution related activity as defined by Paragraph 17.

    **5.**    Designation shall be made, where practical, by marking each page of a document, each separate part or component of a thing, each item of tangible media containing documents, or each separate item of other material in a conspicuous manner. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. The marking shall state:  a) "CONFIDENTIAL" or other similar legend; b) "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or other similar legend; or c) "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR" or other similar legend. All CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth above, shall be designated by the producing party by informing the receiving party of the designation in writing.

    **6.**    In lieu of marking the original of a document or other material prior to inspection, the designating party or its counsel may orally designate any document or other material being produced for inspection thereby making it, and the information it contains, temporarily subject to this Order.  However, each copy of such material subsequently delivered to inspecting counsel must be marked as required by this Order at the time it is so delivered in order to make the document and copies subject to this Order, provided, however, that the parties may agree on a case by case basis that documents produced may be orally designated.  Furthermore, as is further

explained in Paragraph 32, inadvertent production of documents without the proper designation shall not be deemed a waiver of confidentiality with regard to that material or waiver of confidentiality of similar information, and after notification of the inadvertent improper designation the receiving party shall thereafter treat the information in accordance with the proper level of designation.

7.      If during the course of a deposition taken in this action, any questions are to be asked or any answers are to be given regarding designated material, then only persons designated in Paragraph 13 below, as appropriate, the deponent (and the deponent's counsel in the case of a separately represented nonparty), and the reporter and videographer are allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any designated material to any person to whom disclosure is prohibited under this Order.

8.      For designated material presented in a deposition, the designating party shall request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript, or it may have five (5) calendar days after either receipt of the deposition transcript, if ordered at the deposition, or receipt of the notice announcing the transcript's availability, whichever applicable, within which to inform all parties, in writing, that portions of the transcript are designated. No such deposition transcript shall be disclosed to any person other than persons described in Paragraph 13 below, as appropriate, and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during these five (5) calendar days, and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in Paragraph 13 during said five (5) calendar days. Upon being informed that certain portions of a deposition are designated, each party shall cause each copy of the transcript in its possession, custody or control to be marked in accordance with Paragraph 5 of this Order, to the extent not already marked by the reporter. Any deposition transcript, or portions of a deposition transcript designated under this paragraph, shall be subject to all other paragraphs in this Order affecting material so designated.

## NO WAIVER OF PRIVILEGE

9.      Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

10.      If material subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently produced material subject to a claim of immunity or privilege, then promptly following that party's written request identifying the material for which a claim of inadvertent production is made, that material shall be returned and all copies or reproductions of that material that may have been made shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

## DISCOVERY RULES REMAIN UNCHANGED

11.      Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Rules of Practice for Patent Cases before the Honorable John Ward, United States District Court for the Eastern District of Texas, and the Court's Deadlines for Docket Control Order and Discovery Order.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

12.      Designated material shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action and shall not be disclosed

by the recipient to anyone other than those persons authorized to receive such material pursuant to this Order, unless and until the restrictions herein are removed by order of the Court or by written stipulation of the parties. Designated material may be subject to further conditions and restrictions below.

**13.**    Access to material designated CONFIDENTIAL and to any portion of any transcript, brief, affidavit, memorandum, copy, or other paper that contains or reveals material so designated, shall be limited to:

(a)    Officers, directors and/or other employees of the parties to this action to the extent necessary to assist outside counsel in preparation of this case or evaluate the merits of the case and assess settlement options and provided that every such officer, director or employee has previously executed the Undertaking attached hereto as Exhibit A, and a copy of the Undertaking has been provided to all other parties;

(b)    The parties' outside counsel of record and other outside counsel working on this matter (such other outside counsel must comply with Paragraph 16 below) and their respective supporting employees (including technical advisors, legal secretaries, paralegals, legal translators, and legal clerks) actually assisting such counsel in preparation of this case, except to the extent that any of these attorneys or employees are involved in the management or day-to-day business of the respective party, any such individuals are also subject to Paragraph 13(a).

(c)    Outside Consultants—meaning any outside persons (who are not employees or in-house counsel of a party) and their clerical, engineering, technical, accounting, or financial support personnel, including, but not limited to, a proposed expert witness or consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof—who become qualified to receive material designated under this Order in accordance with the procedure identified in Paragraph 16 below, provided

**(i)**      that such clerical, engineering, technical, accounting, or financial support personnel have access to designated material only to the extent necessary to perform their duties; and

**(ii)**      that such Outside Consultants agree that any clerical, engineering, technical, accounting, or financial support personnel working under the supervision of the Outside Consultants shall not be permitted to make any use or disclosure of designated materials which the Outside Consultants could not themselves make;

(d)      Court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions only to the extent necessary to perform their duties;

(e)      Independent service bureaus that are engaged by counsel of record to perform clerical-type or exhibit-preparation services in connection with this litigation, *e.g.*, photocopying, imaging, computer data entry, and the like, and that are under an obligation to maintain such material in confidence;

(f)      The Court;

(g)      Court personnel involved with this case;

(h)      Members of the jury in this case; and

(i)      Any person to whom the designating party agrees in writing.

Outside counsel of record shall retain copies of all executed Undertakings.

**14.**      Documents, testimony, information and other things designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR" or other similar legend may be

disclosed only to the persons identified in subsections (b) through (h) of Paragraph 13 of this Protective Order, subject further to the limitations of Paragraph 17 below.

15.     Material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR" may be disclosed to mock jurors engaged by any consultant in preparation for trial, provided that no such persons are officers, directors or employees of any of the parties to this action, that any such persons shall first sign an Undertaking as set forth in Exhibit B below prior to disclosure of any designated material, and such Undertakings shall be retained under the control of counsel until final termination of this action. A log of all designated materials disclosed to such mock jurors shall be retained under the control of counsel until final termination of this action. Upon final termination of this action, any person or entity who has designated or produced such disclosed information may request copies of any such Undertakings executed by mock jurors to whom such material has been disclosed and copies of the logs of the designated materials disclosed to the mock jurors. Upon receiving such a request, counsel shall provide copies of the Undertakings and logs of the designated materials disclosed to the mock jurors.

16.     Outside Consultants, or other outside counsel (as described in Paragraph 13) may become qualified to receive material designated under the Order in accordance with the following procedure:

(a)     Counsel for any party proposing any such person shall submit to outside counsel of record for the other party (and also to third parties in the event the nonparty expert, consultant or other outside counsel will have access to designated material produced by such third parties under this Order) a copy of an Undertaking in the form attached as Exhibit A signed by such person and that person's current resume or curriculum vitae that lists the person's business address, business title, profession, previous or current relationship with any

party, and a listing of other cases in which the expert or consultant has testified. The original of each such Undertaking shall be maintained by counsel proposing the expert. If a particular nonparty expert or consultant has a concern signing Exhibit A because of the limitations imposed in the exhibit, the parties agree to meet and confer to discuss less restrictive requirements that can be placed on the specific nonparty expert under the circumstances;

      **(b)**    Unless any other counsel shall notify proposing counsel of its objection to any such proposed person, and the basis therefore, within seven (7) calendar days after the receipt of a copy of the Undertaking and resume or curriculum vitae referred to in subparagraph (a) above, such person shall thereafter be deemed a qualified recipient and entitled to receive CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR material pursuant to the terms and conditions of the Protective Order;

      **(c)**    Should any counsel timely notify proposing counsel of its objection to any such proposed person and of the basis for its objection in accordance with subparagraph (b) above, he or she shall meet and confer with proposing counsel and if unable to resolve the objection(s), may file a motion within ten (10) calendar days after receipt of a copy of the Undertaking and resume or curriculum vitae referred to in subparagraph (a) above, seeking to preclude the proposed access. Proposing counsel shall not disclose material designated under this Protective Order to such proposed person before the expiration of the time for objection or before the resolution of any such objection. There shall be a reasonable basis for such objection.

### PROSECUTION BAR

    17.    Any person who receives and reviews any materials designated as "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLYPROSECUTION BAR" under this Protective Order shall be subject to a "prosecution bar" and shall not substantively participate in

the preparation or prosecution of any patent or patent application (including, without limitation, any patent reissue or reexamination proceeding) or use any information derived from documents so designated for any purpose related to prosecution of patents from the time of receipt of such materials through and including two (2) years following entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action for:

> **(a)**    Plaintiff SBJ Holdings 1, LLC; and

> **(b)**    With respect to information about Defendants' technologies contained in the discovery provided by Defendants in this case that is not available or known publicly, either

>> **(i)**    In the fields of:  (1) multi-tier distributed system for processing web user requests to order a recommended item by generating a purchase order, or processing web user requests to rent a recommended item; (2) systems for recommending items to rent or purchase employing collaborative filtering or algorithmic techniques employing statistical or other aggregated relationships in data or models of user preferences or item relevance; (3) systems for distributed indexing and retrieval of information on items for purchase, sale, or rental via the web and combined lexical and non-lexical relevance ranking, and (4) systems having a distributed web page rendering framework for fulfilling web site requests via coordinated assembly of a multiplicity of web-service-oriented responses to a multiplicity of Web Service requests based on the original web site request (collectively, the fields (1)-(4 ) above are the "Prosecution Bar Fields"); or

>> **(ii)**    For the plaintiff SBJ Holdings 1, LLC's predecessor in interest, Vignette Corporation, unless it is both (a) not in one of Prosecution Bar Fields and (b) is in one of the following fields:  (1) systems for processing and using tracked or recorded user or web site activities to determine and analyze web site statistics, performance or other metrics; (2) systems for tracking and playback of user transactions at a web site's web server application; (3) systems

for on-line collaboration using electronic mail, web browsers or desk top applications; (4) systems for conducting marketing dialogs with users of a web site or web site service as a sequenced workflow of non-real-time communications, but not involving any system for or capable of (a) communicating messages concerning an item for sale or rent that are personalized or selected for the recipient based on analyzing information about the prior use activity of the recipient (including purchase, rental, or browsing actions, but excluding providing an email address and other actions expressly for opting into receipt of emails), including how that information is associated with the item or its attributes, (b) identifying or selecting recipients for personalized messages concerning an item for sale or rent based on analyzing information about the prior use activity of the recipient (including purchase, rental, or browsing actions, but excluding providing an email address and other actions expressly for opting into receipt of emails) including how that information is associated with the item or its attributes, or (c) scheduling, executing, prioritizing, or managing campaigns for either (a) or (b) or the contents thereof; or (5) implementing or managing caching of web content-but excluding any such system (a) adapted for use with a web site capable of dynamically generating customized pages or (b) synchronizing, proxying, or distributing content associated therewith.

As used above, "Web Services" has the meaning used in the W3C in Section 1.4 of Web Services Architecture W3C Working Group Note 11 (February 2004) without limitation to any particular interface definition, description language, or exchange protocol.  The prohibition relating to the Prosecution Bar Fields is not intended to and does not prevent persons subject to the "prosecution bar" in this Paragraph 17 from preparing and prosecuting any patent or patent application in a field that is not a Prosecution Bar Field (collectively, "Unrelated Fields") (including any Unrelated Field that is among the fields (b)(ii)(b)(1)-(4) specific to Vignette) simply because the technology in such Unrelated Field can be used in conjunction with technology in a Prosecution Bar Field.  Individuals subject to the PROSECUTION BAR additionally shall not be involved in the preparation or prosecution of any patent or patent application in the same patent family as the patents-in-suit (*i.e.,* any patent or patent application

related to a patent-in-suit through a claim of priority) through and including two (2) years
following entry of a final non-appealable judgment or order or the complete settlement of all
claims against all parties in this action. The prosecution bar is not limited to work involving
parties to the present litigation. In the event that this case is remanded after entry of judgment by
the U.S. district court and additional discovery takes place, then the parties agree that this
provision will apply with respect to any newly produced documents, testimony, information and
other things designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES
ONLY – PROSECUTION BAR." For purposes of this Protective Order, "prosecute" or
"prosecution" shall mean the selection or identification of subject matter for patent claims to
submit to the U.S. Patent and Trademark Office or any foreign patent office, and/or the
preparation or drafting of any such claims.

### CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

18.    The parties will use reasonable care when designating materials as
CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.
Nothing in this Order shall prevent a receiving party from contending that any or all materials
designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S
EYES ONLY have been improperly designated. A receiving party may at any time request that
the producing party cancel or modify the confidentiality designation with respect to any
materials.

19.    A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or
HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY designation at the time
made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge
shall be written, shall be served on counsel for the producing party, and shall particularly identify
the documents or information that the receiving party contends should be differently designated.
The parties shall use their best efforts to resolve promptly and informally such disputes. If
agreement cannot be reached, the receiving party shall request that the Court cancel or modify a

CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY designation.

## LIMITATIONS ON THE USE OF DESIGNATED MATERIALS

**20.**     Review of Source Code: A receiving party's access to the machine-readable version of computer source code ("Source Code") shall be limited to those individuals with access under this Order to material designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY and those individuals will be subject to the Prosecution Bar of Paragraph 17. The parties' "Source Code" designated under this protective order as such will be subject to the following provisions:

**(a)**     Source code produced in this matter must be made available in electronic form on a stand-alone computer that is not connected to any network, internet or peripheral device except that the stand-alone computer may be connected to a printer;

**(b)**     Such stand-alone computers shall be password protected and supplied by the source code provider;

**(c)**     The source code provider shall provide a manifest of the contents of the stand-alone computer. This manifest, will list the name, location, and MD5 checksum of every source and executable file being produced on the computer.

**(d)**     The stand-alone computers shall include software utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities should provide the ability to (i) view, search, and line-number any source file, (ii) search for a given pattern of text through a number of files, (iii) compare two files and display their differences, (iv) compute the MD5 checksum of a file, and (v) print copies of selected portions of the source code.

(e)      Storage of the Source Code in the stand-alone computer, while not in use, shall be maintained in encrypted form using PGP encryption or any other encryption means supplied by the provider;

(f)      The stand-alone computer shall be located at outside counsel's office or other location that the parties may agree upon or at offices of experts who have been approved under this protective order;

(g)      Access to the stand-alone computer shall be permitted only to outside counsel representing the requesting party and experts retained by the requesting party, provided each such person has been approved under this protective order and executed the Undertaking attached hereto as Exhibit A;

(h)      Excerpts of Source Code may be printed using printers attached to the stand-alone computer only for the purpose of facilitating the review thereof or for compiling deposition exhibits.  The parties shall endeavor to keep to a minimum the amount of Source Code that is so printed and shall promptly destroy any printed excerpts that are determined not to be relevant to any claim or defense of any party.  Every such printed page must be affixed with a legend HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY and shall be treated as such in accordance with the provisions of this protective order.  At no point may the entire Source Code, or any substantial portions thereof, be printed or included in electronic documents such as legal memoranda, exhibits, reports, declarations, or other word processing or presentation documents.  Any authorized paper copies of limited portions of the Source Code retained by the requesting party must be kept in a secured container or location at all times. Paper copies of Source Code may not be copied and may not be removed from a secured container unless in a secured, private area. The requesting party shall maintain a complete log of bates numbered pages printed and shall produce such log at the time its first expert reports are delivered, regardless of the restrictions on expert discovery below.

(i)    The stand-alone computer(s) shall also meet the following specifications:

(1)    the computer's CPU must be hyperthreading;

(2)    the computer's RAM must be at least 2 gigabytes;

(3)    the computer must have a spindle speed of at least 7200 RPM;

(4)    the computer must have a processor speed of at least 2 ghz;

(5)    the computer must be Linux or UNIX derivative and will not be Windows based; and

(6)    if the computer's CPU is not hyperthreading, the computer must have a processor of at least 2.4 ghz.

21.    Each recipient of designated materials shall maintain such material in confidence in a secure, safe area so as to preclude access by persons who are not entitled to receive such materials and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material, but not less than the standard of care required to comply with this Order.

22.    Except upon consent of the designating party or upon order of the Court, any and all designated materials produced, served or otherwise made available during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be used only for the purpose of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such materials.

23.    Nothing in this Order shall prevent any court reporter, videographic reporter, mediator, or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings. Further, nothing in this Order shall impact one way or another on the admissibility of any document or other evidence at any hearing or at trial.

24.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning any CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY designated material of which such person has prior knowledge or legitimate access prior to this litigation. Without in any way limiting the generality of the foregoing:

(a)     A present director, officer, and/or employee of a producing party may be examined and may testify concerning all CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material which has been produced by that party;

(b)     A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY designated material of which he or she has prior knowledge, including any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material that refers to matters of which the witness has personal knowledge or legitimate access prior to this litigation, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c)     Non-parties may be examined or testify concerning any document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL –OUTSIDE COUNSEL'S EYES ONLY material of a producing party of which the non-party had knowledge or legitimate access to prior to this litigation.  Any person other than the non-party witness, his or her attorney(s), and any person qualified under this Order to receive the CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material in question shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such material, then prior to the examination, the attorney shall be requested to

provide a Confidentiality Agreement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material disclosed during the course of the examination.

      **(d)**    The following restrictions shall apply to use of copies of a document a party has designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material at a deposition, but does not affect the use of other copies of the document properly obtained by those with access to such documents prior to the deposition:

      **(i)**    A witness who previously had access to a document designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material, but who is not under a present non-disclosure agreement with the producing party that covers that document, may be shown the document if a copy of this protective order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the protective order and that the protective order requires the parties to keep confidential any questions, testimony or documents that are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY; and

      **(ii)**    With the exception of the witness' copy, which will be subject to all the protections of this Order, witnesses are not entitled to copy, take notes on, or retain copies of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material used or reviewed at the deposition to the extent not otherwise allowed by this Order. The witness may not take out of the deposition room any exhibit that is marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. The producing party of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material used at the deposition may also require that the transcript

and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in his case and under the supervision of one of the lawyers who is bound by the terms of the order) who will store the sole authorized copy the witness is entitled to retain.  To the extent the witness makes notes regarding such transcript or exhibits, all such notes shall only be made at the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in his case and under the supervision of one of the lawyers who is bound by the terms of the order) and such notes shall be stored and remain at such office as well.

25.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY or which contain material so designated, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL [OR HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY]  UNDER PROTECTIVE ORDER OF [DATE]" and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

26.     A party filing pleadings under seal shall be required to confirm the confidentiality designations for any given portion of such filing such that a non-filing party's counsel can properly redact the designated portions before providing permitted access to such redacted filing.

27.     The parties agree to meet and confer regarding whether (a) any procedures should be implemented before any hearing, and at the pre-trial conference concerning the handling of designated material, and (b) to request that the Court enter an order governing the handling of any information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR" during such hearing or at trial as part of its pre-trial order. Such conditions and safeguards at the Court's discretion may include, but are not limited to, *in camera* proceedings in chambers or proceedings where the courtroom is closed to the general public. Nothing herein shall operate as a waiver or relinquishment of a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – PROSECUTION BAR" designation, should such materials be disclosed at a Court hearing or other proceeding where the general public is not so excluded.

28.     Except for the specific provisions and governing the handling of Source Code, nothing in this Order shall prohibit the transmission or communication of CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY between or among qualified recipients:

    **(a)**     by e-mail;

    **(b)**     by hand-delivery;

    **(c)**     in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

    **(d)**     by telephone, telegraph, facsimile or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

## STORING OR VIEWING CONFIDENTIAL DOCUMENTS

29.    "CONFIDENTIAL" information may be stored or viewed only at: (a) the business locations and private residences of outside counsel of record; (b) the business locations and private residences of an independent expert or consultant approved in accordance with Paragraph 16 of this Protective Order; (c) the site where any deposition relating to the information is taken; (d) the Court; (e) any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to the deposition); (f) locations for conducting any focus group or mock trial, provided appropriate measures are taken to limit access to such materials only to those approved under this Protective Order; or (g) the private business offices of officers, directors, or employees of a party who are allowed under Paragraph 13 to have access to "CONFIDENTIAL" information.  Copies of "CONFIDENTIAL" information may be made only to the extent reasonably necessary to prepare work product or conduct proceedings in this litigation.

30.    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" designated information may be stored or viewed only at: (a) the business locations and private residences of outside counsel of record; (b) the business locations and private residences of an independent expert or consultant approved in accordance with Paragraph 16 of this Protective Order; (c) the site where any deposition relating to the information is taken; (d) the Court; or (e) any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to the deposition). Copies of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information may be made only to the extent reasonably necessary to prepare work product or conduct proceedings in this litigation.

## DISCOVERY FROM EXPERTS

31.    Testifying experts shall not be subject to discovery on any draft of his or her report in this case and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

## INADVERTENT PRODUCTION AND IMPROPER DISCLOSURE

**32.**     Inadvertent production of confidential material without proper designation shall not be deemed a waiver of confidentiality with regard to similar information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed. A party who discovers such inadvertent production shall promptly inform all receiving parties in writing. Receiving parties shall thereafter treat the information in accordance with the proper level of designation.

**33.**     If any designated material is disclosed to any person contrary to the terms of this Order or other than in the manner authorized by this Order, outside counsel and the party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such information or material.

## NONPARTY USE OF THIS PROTECTIVE ORDER

**34.**     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

**35.**     A nonparty's use of this Protective Order to protect its CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material does not entitle that nonparty access to CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material produced by any party in this case.

**36.**     Where a subpoena, deposition question, or discovery request, such as a party interrogatory or document request under Federal Rule of Civil Procedure 33 or 34, calls for

otherwise discoverable information that is held by a party or non-party to whom it is directed under obligations of confidentiality owed to another, and the party or nonparty to whom the subpoena, deposition question, or discovery request is directed refuses to provide such documents or information on that ground, the following procedures shall apply. If the discovery request is directed to a party, that party:

      **(a)**     Shall promptly, and no later than 15 calendar days after expiration of the obligation to provide such otherwise discoverable information,  identify to the party seeking the documents or information the name and address of each person or entity whose confidentiality interests are implicated by the discovery request;

      **(b)**     Shall promptly provide to each such person or entity whose confidentiality interests are implicated:

          **(i)**     Notice of its intention to disclose documents or information held under obligations of confidentiality; and

          **(ii)**     A copy of this Protective Order; and

      **(c)**     The party from whom such discovery is sought shall within ten (10) court days thereafter disclose in compliance with this Protective Order any responsive documents or information held under obligations of confidentiality to such person unless said party or non-party moves for or obtains a protective order in this Court within that time. In that event, the documents or information may be withheld from production until the motion is decided.

      **37.**     In the case of a discovery request, subpoena, or deposition question directed to a non-party who timely objects to disclosure of such documents or information on the grounds that it implicates a confidentiality obligation owed to another, such discovery shall not be had unless and until the party propounding such request shall obtain an order compelling disclosure of such

documents or information from this Court, or in the case of third parties not subject to this Court's *in personam* jurisdiction, from a court of competent jurisdiction.

## **MISCELLANEOUS**

**38.**    The parties agree that where a document production request seeks production of an attorney-client privileged communication between the responding party and its litigation counsel that was communicated on or after April 9, 2007, the date SBJ HOLDINGS 1, LLC filed its complaint in this action, the party responding to the request need not list such documents on its privilege log.

**39.**    Nothing in this Order shall be construed to prevent a designating party from seeking such further provisions regarding confidentiality as may be appropriate, prior to disclosure, through negotiations with counsel or, if such negotiations are not successful, by motion to the Court.

**40.**    Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

**41.**    Nothing in this Order shall bar or otherwise restrict counsel to the parties from rendering advice to their clients with respect to this litigation and, in the course thereof, referring to or relying upon examination of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY pursuant to this Order, so long as no portion of the content of the information so designated is disclosed.

**42.**    Nothing in this Protective Order precludes any party or producing entity from seeking a further Protective Order for any particularly sensitive information as to which such party or producing entity believes this Protective Order insufficiently protects. Nothing in this Protective Order precludes any party or producing entity from seeking relief as to this Protective

Order or portions thereof for good cause shown. All parties are subject to the continuing jurisdiction of this Court to modify and interpret this Protective Order.

43.     If a third party, another court or an administrative agency, subpoenas or orders production of documents or information designated for protection under this Protective Order which a party has obtained under the terms of this Protective Order, such party shall promptly notify the party or other person who designated the document of the pendency of such subpoena or order.

44.     Within sixty (60) days after final determination of this action, all designated materials that have been served or otherwise made available during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be delivered to counsel for the designating party at the expense of the designating party, or, with the written consent of such counsel, destroyed at the expense of the designating party. Notwithstanding the above, each outside trial counsel of the parties may retain one copy of designated materials, to maintain a complete file of the litigation. Any retained material designated as "OUTSIDE COUNSEL'S EYES ONLY" shall be retained in a sealed container in a facility under lock and key. All CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY not embodied in physical objects and documents, shall remain subject to this Order.  Any Source Code produced by any party, and any authorized copies thereof, shall be returned to the producing party.

45.     The United States District Court for the Eastern District of Texas, Marshall Division, is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of Texas, Marshall Division.

SIGNED this 5th day of August, 2008.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SBJ IP HOLDINGS 1, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| NETFLIX, INC., AMAZON.COM, INC., | § | 2:07-cv-120-CE |
| BARNESANDNOBLE.COM, LLC, and | § | |
| BORDERS GROUP, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

CONFIDENTIALITY AGREEMENT

I, _____, state:

1.      I reside at _____;

2.      My present employer is _____;

3.      My present occupation or job description is _____;

4.      I agree to keep confidential all information provided to me in the matter of SBJ HOLDINGS 1, LLC, v. NETFLIX, INC., AMAZON.COM, INC., BARNESANDNOBLE.COM, LLC, and BORDERS GROUP, INC., and to be subject to the authority of the United States District Court for the Eastern District of Texas, Marshall Division in the event of any violation of this agreement or dispute related to this agreement.

5.      I have been informed of or read the Protective Order dated _____, 2008, and I will not divulge any confidential information to persons other than those specifically authorized by said Order.

6.      I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.


Executed on _____200__ at _____.


_____

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SBJ IP HOLDINGS 1, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| NETFLIX, INC., AMAZON.COM, INC., | § | 2:07-cv-120-CE |
| BARNESANDNOBLE.COM, LLC, and | § | |
| BORDERS GROUP, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**CONFIDENTIALITY AGREEMENT**

I, _____, state:

1.      I reside at _____;

2.      My present employer is _____;

3.      My present occupation or job description is _____;

4.      I agree to keep confidential all information provided to me in connection with my participation in this mock jury and to be subject to the authority of the United States District Court for the Eastern District of Texas, Marshall Division in the event of any violation of this agreement or dispute related to this agreement.

5.      I have been informed that all the materials and information that I will receive or will be made aware of during my participation in this mock jury is strictly confidential and I will not divulge any information to persons.


6.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____200__ at _____.


_____